UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN CHRISTOPHER STABILE,

    Petitioner,

v.                                                CASE NO. 6:07-cv-20-Orl-31KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 16). Petitioner filed two replies to the response (Doc. Nos. 21 & 24).

Petitioner alleges three claims for relief in his petition. As discussed below, the Court finds that this case is untimely and must be dismissed.

*I.*    *Procedural History*

Petitioner was charged by amended information with armed burglary of a dwelling. A jury found Petitioner guilty as charged, and the trial court sentenced him to life in prison as a prison releasee reoffender. Petitioner appealed his conviction and sentence. On August 10, 2001, the Fifth District Court of Appeal of Florida affirmed; however, the appellate court certified a question to the Supreme Court of Florida concerning the prison releasee reoffender sentence. *See Stabile v. Florida*, 790 So. 2d 1235 (Fla. 5th DCA 2001). Mandate issued on August 29, 2001. On January 30, 2003,

the Supreme Court of Florida affirmed the appellate court's decision based on its holding in *Knight v. State*, 808 So. 2d 210 (Fla. 2002). *See Stabile v. State*, 838 So. 2d 557 (Fla. 2003).

On May 19, 2004, Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief.[1] The state trial court denied relief on July 12, 2004. *See* App. J. Petitioner appealed, and the appellate court *per curiam* affirmed on November 2, 2004. *See* App. K. Mandate issued on November 19, 2004. *See* App. L.

Petitioner filed a second Rule 3.850 motion on April 27, 2005, which the state court denied as untimely. *See* App. M. Petitioner appealed, and on November 8, 2005, the appellate court *per curiam* affirmed. *See* App. N. Mandate issued on November 28, 2005. *See* App. O.

On April 27, 2005, Petitioner filed a state petition for writ of habeas corpus. The appellate court denied relief on June 1, 2005. *See* App. Q.

Petitioner filed a third Rule 3.850 motion on April 5, 2006, which the state court denied on June 26, 2006. *See* App. T. Petitioner appealed, and the appellate court *per curiam* affirmed on October 24, 2006. *See* App. U. Mandate issued on November 13, 2006. *See* App. V. Petitioner filed the instant petition on December 15, 2006.

## II.    *Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

---

[1] In his habeas petition, Petitioner states that he filed his Rule 3.850 motion on May 21, 2004. *See* Doc. No. 1 at 3. However, the amended Rule 3.850 was signed on May 19, 2004. This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

  (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

  In the present case, the Florida Supreme Court entered its order of affirmance on direct appeal January 30, 2003. Petitioner then had ninety days, or through April 30, 2003, to petition the United States Supreme Court for writ of certiorari. *See* Sup. Ct. R. 13. Thus, under § 2244(d)(1)(A), the judgment of conviction became final on April 30, 2003, and Petitioner had through April 30, 2004, absent any tolling, to file a federal habeas corpus petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety day period for filing a petition for certiorari with the United States

Supreme Court has expired). Under the mailbox rule, the instant petition was not filed until December 26, 2006, and was untimely.[2]

Petitioner contends that § 2244(d)(1)(D) applies because he "had no prior knowledge of the existence of the documents at issue in his 3 claims until he discovered them on May 4, 2005[,] and June 29, 2005[,] for the documents relating to claim 1 of the petition. . . ; on February 8, 2006[,] for the document relating to claim 2 of the petition. . . ; and on October 1, 2005[,] for the documents relating to claim 3 of the petition. . . ." (Doc. No. 24 at 2.) The documents to which Petitioner refers are: (1) disciplinary records of one of the arresting officers, Officer Joseph Pizzimenti; (2) a Miranda rights form indicating that Petitioner invoked his right to an attorney on December 2, 1998, the day he was arrested; and (3) an affidavit from James Ellis, an inmate, attesting that he, not Petitioner, committed the offense along with Petitioner's co-defendant, Joey Kilgore.

During the state trial proceedings, Petitioner maintained that the two statements he made to the police regarding the offense were not voluntary because Officer Pizzimenti threatened him and promised him that he would not be arrested if he made the statements. Petitioner contends that newly discovered evidence of Officer Pizzimenti's disciplinary records would have impeached his credibility. *See* Doc. No. 10 at 5. Similarly, Petitioner argues that on February 8, 2006, he received a Miranda rights form from an anonymous source indicating that he invoked his right to counsel in writing.

---

[2]The Court is aware that Petitioner filed state collateral motions after April 30, 2004; however, because the one-year period concluded before Petitioner initiated those proceedings, the tolling provision of section 2244(d)(2) does not apply to the proceedings. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991 (2000).

The Court finds that these arguments are without merit. The factual predicates underlying claims one and two could have been discovered with due diligence, at the latest, by the resolution of Petitioner's appeal. *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001) ("[T]he time commences when the factual predicate 'could have been discovered through the exercise of due diligence', not when it was actually discovered by a given prisoner."). The disciplinary records of Officer Pizzimenti, which Petitioner filed in this Court, were in existence either at the time of Petitioner's trial or during his direct appeal.[3] Moreover, even assuming the reliability of the Miranda rights form Petitioner allegedly received from an anonymous source, the Court notes that Petitioner maintained throughout the state court proceedings that he verbally invoked his right to an attorney. As noted by the state court, Petitioner did not indicate that he had invoked his right to an attorney via a written document. *See* App. T at 3. Assuming that Petitioner invoked his rights to remain silent and to an attorney in writing, he should have been aware of the existence of the written document no later than the date of his arrest. Thus, Petitioner's receipt of the document from an anonymous source approximately seven years after his arrest does not establish due diligence.

Finally, in claim three Petitioner argues that he is actually innocent of the offense. In support of this claim, Petitioner filed the affidavit of James Ellis, an inmate, attesting that he committed the offense along with Petitioner's co-defendant. The Eleventh Circuit has held that "precedent forbids granting habeas relief based upon a claim of actual innocence. . . at least in non-capital cases." *Jordan v. Secretary, Department of Corr.*, 485 F. 3d 1351, 1356 (11th Cir. 2007). Moreover, it has not been determined that a claim of actual innocence is sufficient to relieve habeas petitioners from

---

[3]The Court further notes that Officer Pizzimenti's disciplinary records would not have impeached Officer Barker's trial testimony that Petitioner voluntarily made a statement admitting his involvement in the offense. *See* App. X at 124-25.

the burdens imposed by § 2244(d).[4] Even assuming that actual innocence is an exception to the one-year time limitation, Petitioner has not made such a showing. "[I]n order to present a valid claim of actual innocence the petitioner must show that there is reliable 'new' evidence (i.e., not presented at trial) 'showing that it is more likely than not that no reasonable juror would have convicted him.'" *Thomas v. Straub*, 10 F. Supp. 2d 834, 836 (E.D. Mich. 1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)) .

In the present case, Petitioner does not support his allegation of actual innocence with sufficient evidence to undermine the Court's confidence in the outcome of his criminal proceedings. *See Schlup*, 513 U.S. at 316. At trial, Joey Kilgore testified that he and Petitioner broke into a home and took items from within including firearms. Officers Pizzimenti and Barker testified that after Petitioner's arrest, he voluntarily admitted his involvement in the offense. The affidavit of James Ellis, an inmate, which was written approximately seven years after Petitioner's trial, is not sufficient to establish that it is more likely than not that no reasonable juror would have convicted Petitioner had this evidence been presented at trial. Petitioner simply has not presented new, reliable evidence demonstrating his actual innocence. Therefore, he does not come under the actual innocence exception, if such an exception exists.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

---

[4] In *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000), the Eleventh Circuit Court of Appeals declined to decide whether there is an actual innocence exception to the time limitation of § 2244(d). Instead, the court stated that "the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed . . . ." *Id.*

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. Petitioner's Motion to Appoint Counsel (Doc. No. 25, filed October 19, 2007) is **DENIED** as moot.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 8th day of November, 2007.

Copies to:
sc 11/8
John Christopher Stabile
Counsel of Record

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE